**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24647-BLOOM**

ABIMAEL DE JESUS VELASQUEZ-LOPEZ,

     Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER, *et al.*,

     Respondents.

_____/

## ORDER GRANTING IN PART 28 U.S.C. § 2241 PETITION

**THIS CAUSE** is before the Court upon *pro se* Petitioner Abimael de Jesus Velasquez-Lopez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida, and seeks an individualized bond hearing before an immigration judge or release from custody under reasonable conditions of supervision. *Id*. at 3. The Court ordered a response from Respondents. *See* ECF No. [5]. Respondents timely filed a Response — arguing that Petitioner is not entitled to a bond hearing because he is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. [6] at 3-6. Petitioner did not file a Reply. The Court has considered the Petition, the Response, the record in this case, applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is granted in part and denied in part.

## I.    FACTUAL BACKGROUND

Petitioner, a native and citizen of Nicaragua, was paroled into the United States on August 31, 2022. ECF No. [6-3] at 1. On June 25, 2026, Petitioner reported to the Immigration and

Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") office in Miramar, Florida. ECF No. [6-1] at 2. On that day, nearly four years after being paroled into the country, Petitioner was arrested and taken into ICE custody. ECF No. [6] at 3.

Petitioner is currently detained at the Krome North Service Processing Center in Miami, Florida. ECF Nos. [1] at 1; [6-5] at 1. Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2) as an "arriving alien" and was denied an individualized bond hearing before an immigration judge. ECF Nos. [1] at 2; [6] at 3-6. Petitioner filed the instant Petition asserting that his detention without an individualized bond hearing is unlawful and seeking an individualized bond hearing before an immigration judge or release from custody under reasonable conditions of supervision. ECF No. [1] at 3.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     DISCUSSION

Petitioner asserts that his detention is unlawful because Respondents have failed to provide him with an individualized bond hearing before an immigration judge. ECF No. [1] at 2. Respondents argue that Petitioner is not entitled to a bond hearing because he is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. [6] at 3-6.

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of

2

§ 1225 and § 1226. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *Id*. at 1285. Consistent with this Court's prior rulings and the rulings of numerous other courts, the Eleventh Circuit rejected Respondents' "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 1262. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id*. at 1267. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 1269. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id*. (citing § 1225(b)(2)(A)).

Here, Petitioner is not properly subject to mandatory detention under § 1225(b)(2)(A). Petitioner is neither "arriving in the United States[,]" nor is he "present in the United States without having been granted lawful entry[.]" *Id.* Petitioner *arrived* in the United States in 2022. ECF No. [6-3] at 1. He was present in the United States after being lawfully paroled. *Id*. Petitioner was subsequently detained by immigration officials while in the interior of the county nearly four years

3

later. ECF No. [6] at 3. The Respondents attempt to justify mandatory detention under § 1225(b)(2) beyond arriving aliens seeking entry *at the border* is improper. *See Hernandez Alvarez*, 175 F.4th at 1276 ("The INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry *at the border*[.]" (emphasis and alteration added)); *see also Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018) ("Section 1226 generally governs the process of arresting and detaining [aliens present in the country] pending their removal." (alteration added)).

In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "[s]imply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Hernandez Alvarez*, 175 F.4th at 1285 (alterations added). Therefore, this Court applies the Eleventh Circuit's holding in *Hernandez Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 28 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments.

4

IV.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **GRANTED in part** and **DENIED in part**.

2.  Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3.  Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.  Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5.  Petitioner's Motion for Expedited Consideration and Immediate Release from Immigration Detention, **ECF No. [8]** is **DENIED AS MOOT**.

6.  The portion of the Court's Order to Show Cause staying Petitioner's removal from the Southern District of Florida until further order of the Court, **ECF No. [5] at 3**, is **LIFTED**.

7.  The Clerk of Court shall **CLOSE** this case.

8.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 26-cv-24647-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 13, 2026.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Abimael de Jesus Velasquez-Lopez, *Pro Se*
A# 240770808
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194